Our next case is United States v. Miedzianowski, Appeal No. 21-2358. Yes, just move whenever you're ready. You may begin whenever you're ready. Thank you. Good morning, Your Honors. May it please the Court. Good morning, Counsel. I am Allison Muth. I represent the defendant appellate, Mr. Joseph Jerome Miedzianowski, in his appeal for his reduction of sentence regarding the First Step Act of 2018. The district court views this discretion in two main ways. The first being that, and it's been determined in our newest case law, in our newest case of the Supreme Court, United States v. Concepcion, that allows for the intervening case law, is that the judge incorrectly determines the new sentencing guidelines and statutory guidelines parameters for Mr. Miedzianowski. What do you think the error was? Well, she determines his sentencing base level to be at a level 36. It is our position that it is at a level 30. That being because of the determination of the enhancements under the PSR. So the PSR gave the weight. So Mr. Miedzianowski was sentenced under 5, being found guilty for possession and intent to distribute 5 kilograms of cocaine and 50 kilograms of crack cocaine. I'm sorry. Say those amounts again, please. So 5 kilograms of cocaine and 50 kilograms of crack cocaine. No, not 50 kilograms. 50 kilograms. He's already off the charts with the PSR numbers. 50 kilograms of crack cocaine. Yes. 50 grams. Thank you. Thank you, Your Honor. However, the PSR, when he was originally sentenced back in 2003, that was the statute of the conviction. That's what was given to the jury. That's what the jury found him guilty for. And the PSR found him off the charts at more than 150 kilograms of powder. Thank you. And I've forgotten. There were certainly multiple, multiple kilograms of crack that take him off the charts to 38, right? Offense level 38. That's correct. As a base offense level. That's correct, Your Honor. And this was determined also by the testimony of multiple dubious characters that were witnesses. And is it your position that the defendant is entitled to re-litigate the amounts under the First Step Act? Yes. In this particular situation. Entitled to or that the court may? The court may. Of course, we know that this is a discretionary act. However, what sets Mr. Majinkowski's case aside and sets it different from other cases is that he objected to the PSR. A lot of the cases that the Seventh Circuit has decided before is that are cases where they pled guilty or there were objections to the PSR weights. But he did make an objection to the PSR weights. And so we are trying to go on the weight of the actual conviction and what was submitted to the jury. So you want to re-litigate all that. Okay. Yes. I need to ask you a question, Ms. Muth, about a point in your reply brief. The first page of text, page three, you point out that the district judge used to be a prosecutor in the U.S. Attorney's Office. I don't see any reason for that other than if you're intending to imply that this judge could not decide the case fairly. Is that what you intended to imply? Well, we do believe that there might have been some bias as far as… Based on what? Based on her decision and the facts and the knowledge of the case, how she decided the order. She talked about, for example, at one portion she says, well, for the past 15 years, this was his behavior. But she doesn't necessarily cite to the record. Instead, she actually cites to the government's arguments that were not cited by the record in their brief. So… You've got the PSR. Right. We do have the PSR, but it wasn't properly cited, too. So when she went to the… So you're drawing bias from an improper cite to the record? Yeah. That and then just the common knowledge of her working for the office at the time. Okay. So I used to work for the state of Indiana 30 years ago. Do you think I can't be fair? No, Your Honor. I mean, yes, I believe that you can be fair to answer your question. Yes, I believe that. Do you really want to pursue this line of argument? No, I do not believe it's our strongest argument at this time. It is not? No, absolutely. Why don't you move on? So, yeah. So moving on from this argument, we would go back to starting with the statutory guidelines and penalties. The fact that under the law now, especially in lieu of concepcion, the court must make a complete review of the issues that were presented in mitigation. That being one, additionally, there was lots of mitigating evidence that we submitted to the court. For example, Mr. Majuchowski's pattern score, which is basically the gold star standard for the Bureau of Prisons to determine the risk of recidivism. He got the lowest level, which is minimum risk. He's had no disciplinary action in 24 years. It must be noted that Mr. Majuchowski has been in prison now for 289 months, which is much higher than any other of his co-defendants. For example, the most commonly—and that's the other thing that the district court did. When the district court addressed its disparity argument, the district court stated that she compared him to Nelson Padilla at one point and another co-defendant who were not charged similarly and not exactly as Mr. Majuchowski. There was only the two other co-defendants, which was John Galligan, who was the other Chicago police officer, and Mohamed Omar. Mohamed Omar received 25 years in prison, and John Galligan received five years in prison, who was also the Chicago police officer. Galligan cooperated? He never testified. So as far as we know, he could have cooperated, but he never testified against him, so he took a plea. So that's about all the knowledge that we have, and that's about it that we have for him. But he did take five years, but he never testified against him. If I understand that the defendant is unhappy with the district court's exercise of discretion, I'm still struggling to find an abuse of discretion here rather than just disagreement. The abuse of discretion would go to mainly the statutory guideline arguments. The fact that the court did not adequately look at Mr. Majuchowski's case if he was to be sentenced today. Because if he was to be sentenced today, they wouldn't be able to use the PSR. They would be using the actual – well, they would use the PSR, but they would be using the enhancements that have to be submitted to the jury as facts now. After Booker, Apprendi, and Ianni. For setting minimums and maximums, right? Correct. But for exercising discretion within those minimums and maximums, guidelines would apply and the PSR is available, correct? Correct. However, under McSwain and Fowell, under those cases, the judge has to properly do a complete review and consider the minimums. But the judge does not have to engage in new fact-finding. No. You seem to be suggesting that the judge should have kind of recalculated drug amounts even. Or just looked at the – or you saw and just looked at the amount that he was convicted of on the indictment, looking at the statute of conviction. What do we do with the statute that says there are no restrictions on the information that may be considered in sentencing? I'm sorry? What do we do with the statute that says there are no restrictions on the facts that may be considered in sentencing? I mean, you still have to have a complete review and look at the mitigating evidence that was presented before the court. And that's what we feel is that she did not adequately do. She did not adequately address. You have to address the mitigating evidence. Thank you. Thank you. I'll reserve whatever time is left, if we could, please. Unless there are any further questions from the audience. No? Thank you. Hey, Ms. Bonamici. May I please the court? Deborah Bonamici on behalf of the United States. Good morning. The district court satisfied and even exceeded all procedural requirements and acted well within its discretion in denying defendant relief. The court conducted a two-step analysis, finding first that the defendant was eligible under the statute, and then went on to consider whether a discretionary sentence reduction was warranted in light of the pertinent 3553A factors. The court did consider all of the arguments made by the defendant, specifically including arguments related to the defendant's good conduct in prison, efforts toward rehabilitation, and his age and his reduced risk of recidivism. However, the court, as Judge Hamilton noted, determined that those factors were outweighed, most importantly by the extreme seriousness of the defendant's misconduct, criminal conduct, and the harm that that conduct had caused, as well as the defendant's having engaged in obstructive conduct after being caught. The district court was not required or did not improperly fail to consider intervening changes in the law. In fact, the court was not required to consider any intervening changes that were beyond those specifically argued by the defendant. And here the defendant's argument was limited to changes brought about by the Fair Sentencing Act. The court acknowledged in determining eligibility that the defendant was eligible for the same sentence under the Fair Sentencing Act based on his conviction for distribution of powder cocaine, and then in determining the 3553A factors, went further and recalculated the guidelines and the guidelines range based on the current state of the guidelines. So the court's analysis of this was not only acceptable, but it was well beyond what was required here. As Your Honor, Judge Hamilton pointed out, the defendant here was found accountable by the jury at sentencing, at the original sentencing, for 150 kilograms of powder cocaine and 1.5 kilograms of crack. He was, as you say, off the charts, and the court was certainly entitled to consider that. And as Judge Jackson-Okume points out, there is no requirement that the district court engage in fresh fact-finding with respect to drug quantity or any other issue. And in fact, the Supreme Court in Concepcion suggests that that's not even permitted. In footnote 6 of the case, the court states that a district court cannot recalculate a movement's benchmark guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act, which isn't to say that the court can't consider the intervening changes. There aren't limits to what the court can consider in exercising its discretion under Section 3553A. And here the court fully exercised its discretion on a completely proper basis, and its judgment should be affirmed. Thank you, Ms. Okumichi. Ms. Muthu, would you like some rebuttal time? You can begin. Thank you, Your Honor. Just a couple points, just to reiterate, as to counsel's argument, basically that the district court abuses discretion by not conducting a complete review and not looking at the minimum sentencing guidelines, it is our position that she was incorrect, that his level would actually be a level 30 at this time, which would give him a range of 97 to 121 months. If I understand that argument, your argument is that the guideline calculation has to be based on the jury finding. Correct. Yes, as far as the weight and the enhancements go. The jury determined those lesser weights as charged in the indictment to deal with minimums and maximums, right? Correct. But your argument is that that finding is also binding as to guideline application. Yes. Is there any authority for that? Well, that's in, I believe in McSwain. In McSwain, they said it's the sentencing guidelines, that the calculation should be based on the weight included in the indictment and not in probation's findings in accordance to the adjustments to the drug quantity table. So if I'm understanding your question correctly, that would be the answer to that. Thank you. Okay, thank you, Ms. Wilson. Okay, thank you. I'll take the case under advisement. Thank you.